1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   KYLE AVERY,                          )   Case No. 2:08-cv-02873-MSB
                                         )
10                  Plaintiff,           )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12  NANGALAMA, MENON, and K.             )
    ADAMS,                               )
13                                       )
                    Defendants.          )
14  _____ )

15          This case was reassigned to the undersigned judge.  (Dkt. #8).  Plaintiff Kyle Avery,

16  who is confined in the California State Prison, Sacramento, has filed a *pro se* civil rights

17  complaint pursuant to 42 U.S.C. § 1983.  (Dkt. #1).  After reviewing Avery's Application

18  to Proceed *In Forma Pauperis* and screening the complaint pursuant to 28 U.S.C. § 1915A,

19  the Court will grant Avery's request to proceed *in forma pauperis*, order Defendants Adams,

20  Menon, and Nangalama to answer Count 2 of the Complaint, and dismiss the remaining

21  claims without prejudice.

22  **I.      Application to Proceed In Forma Pauperis & Filing Fee**

23          Avery requests leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

24  (Dkt. #2).  Avery has made the showing required by § 1915(a)(1),(2) and his request to

25  proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Avery is

26  obligated to pay the statutory filing fee of $350.00 for this action.  An initial partial filing fee

27  will not be assessed, as Avery's average monthly deposit is $0.00.  Avery is required to make

28

1  monthly payments of twenty percent of the preceding month's income credited to Avery's

2  trust account, if any.  By separate order, the Court will direct the California Department of

3  Corrections to collect these payments and forward them to the Clerk of the Court each time

4  the amount in Avery's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

5  § 1915(b)(2).

6  **II.    Statutory Screening of Prisoner's Complaints**

7      The Court is required to screen complaints brought by prisoners seeking relief against

8  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

9  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

10  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

11  be granted, or that seek monetary relief from a defendant who is immune from such relief.

12  28 U.S.C. § 1915A(b)(1), (2).

13  **III.    Complaint**

14      In his Complaint, Avery sets forth five counts for relief, alleging that Defendants

15  Nangalama, Menon, and Adams violated his rights under the Fifth, Eighth, and Fourteenth

16  Amendments. Specifically, Avery contends that Nangalama, Menon, and Adams (1) violated

17  his Fifth Amendment rights by "treat[ing] [Avery] in a manner different then [sic] the other

18  inmates living in a simularely [sic] situated program (Dkt. #1 at 25); (2) violated his Eighth

19  Amendment rights by "being deliberately indifferent to Plaintiff's obvious and documented

20  medical needs and harms. . . cause[d] by immediately [and/or] permanently stopping [his]

21  treatment . . . ." (*id.* at 30); (3) violated his Eighth Amendment rights by "conspir[ing] with

22  fellow co-workers to creat [sic] false accusations against Plaintiff to justify and creat [sic]

23  foundation for depriving [his] medical treatment . . . . to retaliate for Plaintiffs [sic] trying to

24  factually exhaust his remedy [and] then trying to discourage him from his right to obtain his

25  redress rights." (*id.* at 34); (4) violated his Fourteenth Amendment right to equal protection

26  "in that any civil rights violation is a violation of Plaintiffs [sic] rights to equal protection of

27  law because any right violated is a right that has been deprived . . . ." (*id.* at 35); and (5)

28  violated his Fourteenth Amendment right to due process "in that his admin[istrative] remedy

was not reasonably enforced as was determined in his remedies disposition[,] thus impeeding [sic] and hindering further exhaustion and further therein impeeding [sic] his access to the courts . . . ." (*id.* at 36).

## IV.    Failure to State a Claim

42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1984). To state a valid claim for relief under § 1983, a plaintiff must allege that he suffered a specific injury as a result of a defendant's specific conduct and show an affirmative link between the injury and that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.    Pleading Standard

*Pro se* pleadings are to be liberally construed. *Hains v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, a *pro se* plaintiff must satisfy the pleading standard set forth in the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In addition, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If the Court determines that a pleading could be cured by the allegation of other facts, a litigant is entitled to an opportunity to amend his complaint. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

### B.    Fifth Amendment

Avery contends that Nangalama, Menon, and Adams violated his rights under the Fifth Amendment.

- 3 -

1     "[T]he Fifth Amendment's due process clause only applies to the federal

2     government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (citing *Castillo*

3     *v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits

4     *the federal government* from depriving persons of due process, while the Fourteenth

5     Amendment explicitly prohibits deprivations without due process by the several States:

6     '*nor shall any* State deprive any person of life, liberty, or property, without due process of

7     law.'") (emphasis added) (quoting U.S. CONST. amend. XIV)).  Nangalama, Menon, and

8     Adams are state officials, so Avery has no cause of action against them under the Fifth

9     Amendment.

10         **C.     Fourteenth Amendment**

11             i. Equal Protection

12         Plaintiff contends that Nangalama, Menon, and Adams violated his rights under the

13     Equal Protection Clause of the Fourteenth Amendment because "any civil rights violation

14     is a violation of Plaintiffs [sic] right to equal protection of law . . .".  (Dkt. #1, p.35).  That

15     contention is incorrect.

16         The Equal Protection Clause requires that persons who are similarly situated be

17     treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).

18     A plaintiff cannot successfully allege an equal protection claim unless he shows that he is a

19     member of an identifiable class and was intentionally treated differently from others similarly

20     situated because of his membership in that class.  *See, e.g.*, *Village of Willowbrook v. Olech*,

21     528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944

22     (9th Cir. 2004).  Avery does not allege membership in any identifiable class or that the

23     discontinuation of his medication was a product of discrimination based on membership in

24     an identifiable class.  Thus, Avery fails to state a claim against the defendants under the

25     Equal Protection Clause.

26             ii. Due Process

27         Avery contends that Nangalama, Menon, and Adams violated his constitutional rights

28     under the Due Process Clause of the Fourteenth Amendment by "not reasonably enforc[ing]

[his administrative remedy] as was determined in his remedies disposition . . . ."  (Dkt. #1 at 36).

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  It does not, however, create any "legitimate claim of entitlement to a grievance procedure."  *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citations omitted).   Nor does it create a claim of entitlement to specific attributes once a procedure has been established, such as unbiased investigators or access to grievance forms.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.") (citing *Mann*, 855 F.2d at 640).

Avery does not challenge any specific attributes of the prison's grievance procedure. In fact, Avery alleges that he prevailed in the grievance procedure and was granted the right to his medication.  He complains instead that his grievance procedure was inadequate because the defendants eventually discontinued his medication after he was granted the right to it, and that filing a second grievance would be futile because the defendants will act similarly if he is again granted the right to his medication.  That prediction, however, is purely speculative: the outcome of a second grievance concerning the defendants' eventual revocation of Avery's medication, as well as the  enforcement of any determination in Avery's favor, are unknown.

Avery must exhaust all available administrative remedies before bringing a claim in federal court.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion . . ., regardless of the relief offered through administrative procedures."); *Porter v. Nussel*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Avery alleges only that he filed a prison grievance seeking the return of his medication, which was granted. (Dkt. #1 at II, 21). He did not file a subsequent grievance seeking to compel the defendants' compliance with the initial grievance determination. (*Id.* at II, 36). Additionally, although Avery alleges that the defendants' eventual non-compliance with the grievance determination "hinder[es] further exhaustion" (*id.* at 36), he does not allege that "no pertinent relief can be obtained through the [grievance] process." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). Therefore, the Court will dismiss without prejudice Avery's claim of non-compliance with the initial grievance determination for failure to exhaust administrative remedies. *See, e.g.*, *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.").

## V. Claims for Which an Answer Will Be Required

### A. Eighth Amendment

Plaintiff alleges that Nangalama, Menon, and Adams violated his rights under the Eighth Amendment.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation marks and citation omitted).

There are two requirements for stating a claim against a prison official under the Eighth Amendment: (1) an objective requirement that "the deprivation alleged . . . be sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted), and (2) a subjective requirement that the "prison official [] have a sufficiently culpable state of mind." *Id.* The objective requirement is met where the "prison official's act or omission [] result[s] in the denial of the minimal civilized measure of life's

necessities." *Id.* (internal quotation marks and citation omitted).  The subjective requirement
is met where the prison official acts with "deliberate indifference to inmate health or safety."
*Id.* (internal quotation marks and citation omitted).  A prison official acts with deliberate
indifference when he "knows of and disregards an excessive risk to inmate health or safety;
the official must both be aware of facts from which the inference could be drawn that a
substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.
Deliberate indifference is a higher standard than negligence or lack of ordinary due care.  *Id.*
at 835; *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims
of "indifference," "negligence," or "medical malpractice" do not support a claim under §
1983).

  Deliberate indifference in the medical context may be shown by a purposeful act or
failure to respond to a prisoner's pain or possible medical need and harm caused by the
indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Deliberate indifference
may also be shown when a prison official intentionally denies or interferes with a prisoner's
medical treatment, *id.*, but "[a] difference of opinion does not amount to deliberate
indifference to serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).
And a mere delay in medical care is insufficient to state a claim for deliberate indifference.
*See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The
indifference must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429
U.S. at 105-06.

  Avery alleges his medical needs are serious.  Examples of serious medical needs
include "[t]he existence of an injury that a reasonable doctor or patient would find important
and worthy of comment or treatment; the presence of a medical condition that significantly
affects an individual's daily activities; or the existence of chronic and substantial pain."
*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992).  Here, Avery states that he was
prescribed Fentanyl, in the form of a transdermal patch, by prison medical officials for pain
management in connection with a degenerative disability. (Dkt. #1 at 9).  Thus, at least one

1   doctor found Avery's condition worthy of treatment, which is sufficient to establish a serious

2   medical need.

3          The next question is whether Adams, Nangalama, and Menon were deliberately

4   indifferent this medical need.  Avery alleges that after he was transferred to a new housing

5   location, Adams, a nurse, tried to convince Nangalama to stop providing Avery medication

6   because Avery's patch had come off, which Adams believed meant that Avery was selling

7   his medication to other inmates.  (*Id.* at 15-16).  Avery, however, tried to explain to

8   Adams—to no avail—that the only reason his patch fell off was because "the adhesive does

9   not stay on well," and Avery had "already clarified this problem with [] Doctor McAlpine."

10   (*Id.* at 11).

11          Nonetheless, Adams reported to Nangalama that Avery was "abusing [his]

12   medication," and Nangalama discontinued Avery's medication.  (*Id.* at 15).  Avery

13   challenged that decision and Nangalama "started one by one creating reasons each time

14   [Avery] contradicted" Nangalama's reasons, such as "medical received a complaint per [ ]

15   Adams . . . that an inmate claimed [Avery] sold [his] patches" and Avery "was observed

16   playing basketball."  (*Id.* at 15-17).  Avery alleges that Adams and Nangalama conspired to

17   deprive him of his medication in retaliation for his explanations of why his patch fell off.

18   (*Id.* at 18).

19          Avery appealed Nangalama's decision through the prison's internal administrative

20   grievance process.  (Dkt. #1 at 21).  The appeal was granted "on 1st level," and Avery's

21   medication was "reordered and issued 3 times."  (*Id.* at 21-22).  But then Menon, a prison

22   medical doctor, again discontinued Avery's medication because Menon "was instructed to

23   do this or took some type of preantisipated [sic] interest in [Avery's] file and medications."

24   (*Id.* at 22).

25          These allegations, viewed in the light most favorable to Avery, are sufficient for

26   screening purposes to support a claim that prison officials intentionally interfered with

27   Avery's previously prescribed medical treatment.  *See Estelle*, 429 U.S. at 105; *Jett*, 439 F.3d

28   at 1069 ("Indifference 'may appear when prison officials deny, delay or intentionally

interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'") (quoting *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988)).  Avery does not allege a mere difference of opinion, *see Sanchez*, 891 F.2d at 242 (difference of opinion does not amount to deliberate indifference), or general disagreement with his medical treatment, *see Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) ("[S]tate prison authorities have wide discretion regarding the nature and extent of medical treatment."), but that Adams, Nangalama, and Menon conspired to deny Avery his prescribed pain medication because Avery challenged their authority, despite knowing that Avery would suffer pain and perhaps further injury.  (Dkt. #1 at 28).  That allegation is sufficient for screening purposes to state a claim for relief against the defendants under the Eighth Amendment.[1]

## VI.    Warnings

### A.    Address Changes

Avery must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Avery must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Copies

Avery must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible Dismissal

If Avery fails to timely comply with every provision of this order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at

---

[1]While Count 3 of Avery's Complaint asserts a second claim for relief under the Eighth Amendment, it merely reiterates some of the allegations raised in support of Count 2.  Thus, the Court will dismiss Count 3 as redundant; it does not state a separate claim for relief.

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**Accordingly,**

**IT IS HEREBY ORDERED THAT:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted** pursuant to 28 U.S.C. § 1915(a)(1).

(2)     Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action pursuant to 28 U.S.C. § 1915(b)(1).  All fees must be collected and paid in accordance with this Court's order to the California Department of Corrections, which will be filed concurrently with this order.

(3)     Defendants Adams, Menon, and Nangalama shall answer Count 2 of the Complaint.

(4)     Counts 1, 3, 4, and 5 are **dismissed** without prejudice for failure to state a claim.

(5)     The Clerk of the Court shall send Plaintiff a service packet including the Complaint (Dkt. #1), this order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Nangalama, Menon, and Adams.

(6)     Within **30 days** of the date of filing of this order, Plaintiff must complete and return to the Clerk of the Court the Notice of Submission of Documents.  Plaintiff shall submit with the Notice of Submission of Documents a copy of the following for *each* Defendant: a copy of the Complaint, a copy of this order, a completed summons, and a completed USM-285.

(7)     Plaintiff shall not attempt service on Defendants and must not request waiver of service from the Defendants.  Once the Clerk of the Court has received the Notice of Submission of Documents and the required documents from Plaintiff, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

1     (8)    **If Plaintiff fails to return the Notice of Submission of Documents and the**

2 **required documents within 30 days of the date of filing of this order, the Clerk of Court**

3 **shall, without further notice, enter a judgment of dismissal of this action without**

4 **prejudice.** *See* **Fed. R. Civ. P. 41(b).**

5

6     DATED this 9th day of April, 2010.

7

8                /s/ Marsha S. Berzon

                MARSHA S. BERZON

9                 United States Circuit Judge, sitting by designation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10

11

12

13

| | |
|---|---|
| **AVERY,** | )   2:08-cv-02873-MSB |
|           Plaintiff, | ) |
| | )   NOTICE OF SUBMISSION OF |
| vs. | )   DOCUMENTS |
| | ) |
| NANGALAMA, et al., | ) |
| | ) |
|           Defendant. | ) |
| _____ | ) |

14

15

16

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

17

      _____      completed summons form

18

      _____      completed USM-285 forms

19

      _____      copies of the _____
                                Complaint/Amended Complaint

20

21

DATED:

22

                            _____
                            Plaintiff

23

24

25

26

27

28

1