IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY, | Case No. 2:08-cv-02873-MSB |
| Plaintiff, | **ORDER** |
| vs. | |
| NANGALAMA, MENON, K. ADAMS, GOLDFIELD, PENNER and CHIEF MEDICAL OFFICER OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

Plaintiff Kyle Avery, who is confined in the California State Prison, Sacramento, has filed a First Amended Complaint. (Dkt. #12). Avery filed his original complaint on November 26, 2008. (Dkt. #1). In its April 9, 2010 order, the Court screened Avery's complaint pursuant to 28 U.S.C. § 1915A and determined that the allegations in his complaint were sufficient for screening purposes to state a claim against Defendants Adams, Menon and Nangalama for violating his rights under the Eighth Amendment. (Dkt. #9 at 6–9). The Court ordered Defendants to answer Count 2 of the complaint and dismissed Avery's remaining claims without prejudice.

Avery's First Amended Complaint adds three additional Defendants and one additional claim. After screening Avery's First Amended Complaint pursuant to 28 U.S.C. 1915A, and as explained below, the Court orders Defendants Goldfield and Penner to answer

Count 1 of the First Amended Complaint, and Defendants Adams, Menon, and Nangalama to answer Count 2 of the First Amended Complaint. The Court will order the Chief Medical Officer to answer Count 1 of the First Amended Complaint only if Avery identifies that individual by name in a subsequent amended complaint.

## I.     Statutory Screening of Prisoner's Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.    Amended Complaint

In his Amended Complaint, Avery sets forth two claims for relief, alleging that Defendants Nangalama, Menon, Adams, Goldfield, Penner, and Chief Medical Officer of the California Department of Corrections (CMO) violated his rights under the Eighth Amendment. Specifically, Avery contends that: (1) Goldfield, Penner and CMO violated his Eighth Amendment rights by "wanton knowing deliberate indifference to plaintiffs [sic] medical needs to ensure good health and the future avoidance of unnecessary illness, pain & suffering which is inevidable [sic] in plaintiffs [sic] case since he is now chronicly [sic] diagnosed with [Hepatitis C] and may have been reversable [sic] if treated initially before its chronic stage" (Dkt. 12 at 30); and that (2) Nangalama, Menon, and Adams violated his Eighth Amendment rights by "being deliberately indifferent to Plaintiff's obvious and documented medical needs and harms . . . cause[d] by immediately [and/or] permanently stopping [his pain management] treatment" for an unrelated back condition (*id.* at 35). Claim 1 and Defendants Goldfield, Penner, and CMO were added to this Amended Complaint; Claim 2 is the same claim that this Court ordered Defendants Nangalama, Menon and Adams to answer when it screened Avery's original Complaint.

### III. Claims for Which an Answer Is Required

Title 42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1984).

#### A. Pleading Standard

*Pro se* pleadings are to be liberally construed. *Hains v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, a *pro se* plaintiff must satisfy the pleading standard set forth in the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If the Court determines that a pleading could be cured by the allegation of other facts, a litigant is entitled to an opportunity to amend his complaint. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

#### B. Eighth Amendment

i. Claims Against Goldfield, Penner and the Chief Medical Officer of the California Department of Corrections (CMO)

Avery alleges that Goldfield, Penner and CMO violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation marks and citation omitted).

There are two requirements for stating a claim against a prison official under the Eighth Amendment: (1) an objective requirement that "the deprivation alleged . . . be sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks

- 3 -

1  and citation omitted), and (2) a subjective requirement that the "prison official [] have a
2  sufficiently culpable state of mind." *Id.* The objective requirement is met where the "prison
3  official's act or omission [] result[s] in the denial of the minimal civilized measure of life's
4  necessities." *Id.* (internal quotation marks and citation omitted). The subjective requirement
5  is met where the prison official acts with "deliberate indifference to inmate health or safety."
6  *Id.* (internal quotation marks and citation omitted). A prison official acts with deliberate
7  indifference when he "knows of and disregards an excessive risk to inmate health or safety;
8  the official must both be aware of facts from which the inference could be drawn that a
9  substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.
10  Deliberate indifference is a higher standard than negligence or lack of ordinary due care. *Id.*
11  at 835.

12  To satisfy the test's objective prong in the medical context, the prisoner must show
13  that his medical needs are serious. "A 'serious' medical need exists if the failure to treat
14  a prisoner's condition could result in further significant injury or the 'unnecessary and
15  wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at
16  104). Examples of serious medical needs include "[t]he existence of an injury that a
17  reasonable doctor or patient would find important and worthy of comment or treatment;
18  the presence of a medical condition that significantly affects an individual's daily
19  activities; or the existence of chronic and substantial pain." Id. at 1059-60.

20  Avery alleges his medical needs are serious. He states that he suffers from chronic
21  Hepatitis C virus ("HCV"). (Dkt. #12 at 26). He claims that he "is now suffering [] low
22  energy, sleepiness, constant nausea, stress [and] soreness," and that he has stopped taking
23  psychiatric medication for bipolar disorder because of fear of further harm to his liver,
24  exacerbating his mental distress and suffering. (*Id.* at 30). The facts alleged by Avery
25  are sufficient to establish a serious medical need: Hepatitis C can be a serious condition;
26  a reasonable doctor or patient would find the symptoms Avery describes to be worthy of
27  comment; and the symptoms described could significantly affect an individual's daily
28  activities. *See McGuckin*, 974 F.2d at 1059-60.

To satisfy the subjective prong in the medical context, a plaintiff may show deliberate indifference by alleging (a) "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and (b) and harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Delay of, or interference with, medical treatment can also amount to deliberate indifference. See id. Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); *McGuckin*, 974 F.2d at 1060; Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Avery's allegations with regard to Goldfield and Penner satisfy the subjective prong.[1] Avery alleges that in September 2004, Goldfield diagnosed Avery with Hepatitis C virus ("HCV") after conducting a blood test. He alleges that when he inquired of Dr. Goldfield whether he could receive treatment for HCV, Goldfield told him that he "was not sick enough or old enough to qualify for HCV treatment," citing certain treatment "criteria" as the foundation of this decision. (Dkt. #12 at 25). Goldfield told Avery that "blood tests would be taken from time to time and that other than observation of the virus nothing could be done at the time and no cure exist[ed] for HCV." (*Id.*) About a year later, after another blood test, Defendant Penner "basically told Plaintiff the same thing." (*Id.* at 26). Avery alleges, however, that Defendants Goldfield and Penner could not have made a determination regarding the seriousness of his illness, and hence whether treatment was warranted, without taking a biopsy, which they did not do. (*Id*). He alleges that "They"—apparently Goldfield, Penner and the CMO —"lie to us! They claimed I was not sick enough knowing thats [sic] impossible to know without first doing a biopsy I should have received over 4 years ago!" (*Id.* at 27). He further alleges that some time between his initial diagnosis in 2004 and a biopsy taken in 2010, the HCV

---

[1] The Chief Medical Officer is discussed separately below.

- 5 -

1  became "chronic," "and the window is now closed to a point that Genotype A1 or 1A
2  would likely not react well to the available treatments." (*Id*. at 26).

3  Viewed in the light most favorable to Avery, the Amended Complaint adequately
4  alleges Goldfield's and Penner's deliberate indifference: namely, that (a) Goldfield and
5  Penner purposely failed to respond to his possible medical need by making a
6  determination that his condition was not advanced enough to warrant treatment without
7  taking the biopsy necessary to make such a determination; and (b) the denial of the
8  biopsy may have led to significant further injury, in the form of preventable chronic
9  HCV, if such denial kept Avery from receiving care at an appropriately early stage of his
10 illness. These allegations are sufficient for screening purposes to state a claim for relief
11 against Goldfield and Penner under the Eighth Amendment. See Hallett, 296 F.3d at
12 745-46; McGuckin, 974 F.2d at 1060

13 With regard to the Chief Medical Officer, Avery claims that, because Goldfield
14 and Penner cited "criteria" for failing to provide him adequate treatment, CMO must have
15 "authorized" such criteria, and thus must be held liable for the failure to treat. (Dkt. # 12
16 at 8). He claims that Penner and Goldfield "mislead [sic] plaintiff into the false belief no
17 treatment was available when all it really was is expensive for the state. The said criteria
18 was so much so that CDCR only treated those in desperate need." (*Id.* at 29). Avery's
19 allegation that the CMO promulgated or enforced treatment criteria instructing prison
20 doctors to delay HCV treatment in order to reduce costs to such an extent that such
21 failure to treat would result in further significant injury or the "unnecessary and wanton
22 infliction of pain," *see Estelle*, 429 U.S. at 104, viewed in the light most favorable to
23 Avery, is sufficient for screening purposes to support a claim that the CMO intentionally
24 denied medical care in violation of the Eighth Amendment. *See id*. at 105; *Jett*, 439 F.3d
25 at 1069 ("Indifference 'may appear when prison officials deny, delay or intentionally
26 interfere with medical treatment, or it may be shown by the way in which prison
27 physicians provide medical care.'" (quoting *Hutchinson v. United States*, 838 F.2d 390,
28 392 (9th Cir. 1988))).

1  Avery does not, however, provide the CMO's name; nor is it clear that a position
2  with this title actually exists within the California Department of Corrections and
3  Rehabilitation (CDCR).  Under the law of this Circuit, where the identity of the
4  defendant is unknown prior to the filing of the complaint, "the plaintiff should be given
5  an opportunity through discovery to identify the unknown defendants, unless it is clear
6  that discovery would not uncover the identities, or that the complaint would be dismissed
7  on other grounds." *Wilson v. Alamieda*, 2009 WL 1034972, at *4 (E.D. Cal., Apr. 15,
8  2009) (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)). "Plaintiff
9  may use the discovery processes to obtain the names of the persons whom he believes
10 violated his constitutional rights. If Plaintiff discovers the identities of these fictitious
11 defendants through the discovery process, or otherwise, he may seek leave of the Court to
12 amend to name these individuals." *Id.*  While, in all probability, there is a person within
13 the CDCR who is responsible for the creation of treatment criteria, the Court cannot order
14 service of the First Amended Complaint on the CMO because it is not clear who he or she
15 is.  The Court cannot likewise order the CMO to answer the First Amended Complaint
16 without knowing who the CMO is.  The Court will therefore treat the CMO as a
17 "fictitious defendant."  Avery should seek the name and proper title of the person he
18 alleges promulgated deficient  treatment criteria with deliberate indifference.  He may
19 consider propounding an interrogatory on one of the other Defendants to ascertain the
20 CMO's identity.  Then Avery may seek leave of the Court to amend his complaint to
21 identify the CMO as defendant.  Avery should attempt to do so before the applicable
22 statute of limitations runs, if it has not already done so.
23  ii. Claims Against Nangalama, Menon and Adams
24  Avery's Eighth Amendment claim against Defendants Nangalama, Menon and
25 Adams is identical to the claim already screened and held sufficient in the Court's order
26 of April 12, 2010.  (Dkt. #9).  Thus, Count 2 of the Amended Complaint, which
27 reproduces Count 2 of the original complaint, is sufficient to state a claim for relief under
28 the Eighth Amendment against Defendants Nangalama, Menon and Adams.

**IV.   Warnings**

    **A.   Address Changes**

Avery must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Avery must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.   Copies**

Avery must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.   Possible Dismissal**

If Avery fails to timely comply with every provision of this order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**Accordingly,**

**IT IS HEREBY ORDERED THAT:**

(1)   Defendants Goldfield and Penner shall answer Count 1 of the Amended Complaint.

(2)   Defendants Adams, Menon, and Nangalama shall answer Count 2 of the Amended Complaint.

(3)   The Clerk of the Court shall send Plaintiff a Prisoner Complaint form along with this order.

(4)   The Clerk of the Court shall send Plaintiff a service packet including the First Amended Complaint (Dkt. #12), this order, a copy of the prior screening order (Dkt. # 9), a Notice of Submission of Documents form, an instruction sheet, and copies of

1  summons and USM-285 forms for Defendants Nangalama, Menon, Adams, Goldfield and
2  Penner.
3      (5)   Within **30 days** of the date of filing of this order, Plaintiff must complete
4  and return to the Clerk of the Court the Notice of Submission of Documents.  Plaintiff
5  shall submit with the Notice of Submission of Documents a copy of the following for
6  *each* Defendant: a copy of the First Amended Complaint, a copy of this order, a copy of
7  the prior screening order (Dkt. # 9), completed summons, and completed USM-285
8  forms.
9      (6)   Plaintiff shall not attempt service on Defendants and must not request
10 waiver of service from the Defendants.  Once the Clerk of the Court has received the
11 Notice of Submission of Documents and the required documents from Plaintiff, the Court
12 will direct the United States Marshal to seek waiver of service from each Defendant or
13 serve each Defendant.
14     (7)   **If Plaintiff fails to return the Notice of Submission of Documents and the**
15 **required documents within 30 days of the date of filing of this order, the Clerk of**
16 **Court shall, without further notice, enter a judgment of dismissal of this action**
17 **without prejudice.**  *See* **Fed. R. Civ. P. 41(b).**

19     DATED this 21st day of April, 2011.

21              /s/ Marsha S. Berzon
                MARSHA S. BERZON
22              United States Circuit Judge, sitting by designation

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

    Plaintiff,

vs.

NANGALAMA, MENON, K. ADAMS, GOLDFIELD, PENNER and CHIEF MEDICAL OFFICER OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS,

    Defendants.

_____/

No. 2:08-cv-2873 MSB

NOTICE OF SUBMISSION OF DOCUMENTS

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____ completed summons form

    ____ completed USM-285 forms

    ____ copies of the _____ Complaint/Amended Complaint

DATED:

_____
Plaintiff