IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY,<br><br>   Plaintiff,<br><br>vs.<br><br>NANGALAMA, MENON, K. ADAMS, PENNER, and GOLDFIELD,<br><br>   Defendants. | No. 2:08-cv-02873-MSB<br><br>**ORDER ON PLAINTIFF'S MOTION TO ORDER THE U.S. MARSHALS TO USE ALL NECESSARY RESOURCES TO LOCATE DEFENDANT GOLDFIELD AND MOTION TO STAY PROCEEDINGS** |

  Plaintiff Kyle Avery, who is incarcerated and is proceeding *pro se* and *in forma pauperis*, moves to order the United States Marshal to use all necessary resources to locate Defendant Goldfield. (Dkt. # 44). Plaintiff also moves to stay proceedings until Defendant Goldfield can be located by the Marshal. (Dkt. #50). For the reasons that follow, both motions are denied and Plaintiff is instructed to show good cause as to why his claim against Defendant Goldfield should not be dismissed without prejudice.

  Plaintiff added Defendant Goldfield to his amended complaint, which he filed on May 18, 2010. (Dkt. #12). By order filed April 22, 2011 (Dkt. # 22), this Court determined that Plaintiff's amended complaint states a cognizable claim for relief against defendants Nangalama, Menon, Adams, Goldfield, and Penner. Because Plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915, the court ordered the United States Marshals to effectuate service upon Defendant Goldfield, as required by 28 U.S.C. § 1915(d) and Rule 4(c)(3) of the Federal Rules of Civil Procedure. (Dkt. # 26). On or about June 22, 2011, the

Process Receipt and Return was filed unexecuted by the Marshal, certifying that the Marshals Service was unable to locate Defendant Goldfield for purposes of effecting service. (Dkt. # 29).

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: '(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Lemoge v. United States*, 587 F.3d 1188, 1198 n .3 (9th Cir.2009) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action." *Id.* at 1198 (citations omitted).

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). It is, however, the plaintiff's responsibility to provide a name and address for each defendant to be served. *Ibanez v. Miller*, No. C 09-4576, 2011 WL 1514359, at *7 (N.D. Cal. March 11, 2011); *see Coley v. Baca*, No. CV 09-08595, 2011 WL 651457, at *3 (C.D.

1  Cal. Jan. 11 2011) (stating that the "burden was on the [*in forma pauperis*] plaintiff to
2  provide sufficient information to enable the Marshal to serve [the defendant]"); *McGee v.*
3  *Umass Corr. Health*, C.A. No. 09-40120, 2010 WL 3464282 (D. Mass. Sept. 1, 2010)
4  (dismissing a claim under Rule 4(m) where the Marshal was unable to serve certain
5  defendants due to lack of addresses). "So long as the prisoner has furnished sufficient
6  information necessary to identify the defendant, the marshal's failure to effect service is
7  automatically good cause." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (citations
8  and internal quotation marks omitted), *abrogated in part on other grounds by Sandin v.*
9  *Conner*, 515 U.S. 472 (1995).

10  Plaintiff does not argue that he has in fact provided accurate contact information with
11  regard to Defendant Goldfield, but instead asks the court "to order the U.S. Marshals office
12  to utilize all necessary resources" to locate Defendant Goldfield. (Dkt. # 44). To do so
13  would "inappropriately place the Court and/or Marshal in the role of advocate or agent for
14  [the plaintiff]." *Pisani v. Van Iderstine*, C.A. No. 07-187M, 2011 WL 2680876, at *2 (D.R.I.
15  June 27, 2011); *see Ibanez*, 2011 WL 1514359, at *7; *Anderson v. Fishback*, No. CV-05-
16  0729, 2009 WL 1117893, at *2 (E.D. Cal. April 24, 2009) ("Having pursued and exhausted
17  the information provided by Plaintiff, neither the Marshal nor the Court is permitted to offer
18  further assistance in determining the whereabouts of [the defendant]."); *DeRoche v.*
19  *Funkhouser*, No. CV 06-1428, 2008 WL 4277659, at *1 (D. Ariz. Sept. 16, 2008) ("[N]either
20  the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties
21  to a lawsuit as this would improperly place the Court in the role of an advocate." (citing *Hall*
22  *v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court recognizes the difficulties
23  Plaintiff's imprisonment imposes on his ability to identify and locate Defendant Goldfield,
24  but it cannot deputize the Marshals as Plaintiff's private investigators.

25  If Plaintiff cannot, at this time, provide sufficient contact information to effectuate
26  service, then his claim against Defendant Goldfield ought to be dismissed without prejudice.
27  Discovery is, however, ongoing and will continue until February 15, 2012. *See* Rule 16
28  Scheduling & Discovery Order (Dkt. # 36). Plaintiff may subpoena third parties for

information pertaining to Defendant Goldfield's whereabouts. If Plaintiff subsequently manages to discover Defendant Goldfield's current address, he may then renew his claim.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Order the U.S. Marshals to Utilize All Necessary Resources to Locate Defendant Goldfied (Dkt. # 44) is **DENIED.** Plaintiff's Motion to Stay Proceedings (Dkt. # 50) is **DENIED** as moot. Plaintiff is instructed to show good cause as to why his claim against Defendant Goldfield should not be dismissed. If he does not do so within **30 days**, his claim against Defendant Goldfield will be dismissed without prejudice.

DATED this 28th day of December, 2011.

/s/ Marsha S. Berzon
MARSHA S. BERZON
United States Circuit Judge, sitting by designation