1
2
3
4
5

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY, | No. 2:08-cv-02873-MSB |
| Plaintiff, | |
| vs. | **ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE A MANDAMUS PETITION, FOR A STAY OF PROCEEDINGS, AND FOR RECUSAL** |
| NANGALAMA, MENON, K. ADAMS, PENNER, and GOLDFIELD, | |
| Defendants. | |

Plaintiff KYLE AVERY, who is incarcerated and is proceeding *pro se* and *in forma pauperis*, has moved the Court to: (1) grant leave to file a petition for a writ of mandamus in the Ninth Circuit; (2) stay proceedings while the mandamus petition is pending; and (3) recuse itself from this matter. (Dkt. # 79).

    1. Plaintiff moves for leave to file a petition for a writ of mandamus against this Court. Plaintiff does not require this Court's leave to file a mandamus petition with the Ninth Circuit. *See* 28 U.S.C. § 1651; Fed. R. App. 21. *See generally LaBuy v. Howes Leather Co.*, 352 U.S. 249, 254–55 (1957). The Court will therefore deny the motion as unnecessary.

    2. Additionally, plaintiff moves for a stay of proceedings while his mandamus petition remains pending. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants.'" *Murray v. City of Carlsbad*, No. 08-cv-2121, 2010 WL 4822744, at *1 (S.D. Cal. Nov. 22, 2010) (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).

Weighing these interests, the Court concludes that a stay is not merited in this case. First, plaintiff has not demonstrated the need for a stay. Motions for summary judgment and related documents can be supplemented if the Ninth Circuit rules in favor of plaintiff's petition for a writ of mandamus. Second, granting a stay of indefinite duration would further delay a case that has been pending for over three years, and in which defendants await plaintiff's response to their motion for summary judgment and opposition to plaintiff's summary judgment motion. In light of these considerations, the Court exercises its discretion in deciding not to stay proceedings pending resolution of plaintiff's mandamus petition.

3. Finally, plaintiff also moves this Court to recuse from this matter, citing "prejudice and bias that may be a conflict of interest." (Dkt. # 79 at 14). Plaintiff has not shown that the Court's impartiality may reasonably be questioned. The Court will therefore not recuse itself.

Accordingly: plaintiff's motion for leave to file the mandamus petition is DENIED as unnecessary; plaintiff's motion for a stay of proceedings while his mandamus petition remains pending is DENIED; and plaintiff's motion for recusal is DENIED without prejudice.

1   IT IS SO ORDERED:

2   DATED this 25th day of May, 2012.

3

4

5                                       /s/ Marsha S. Berzon
                                        MARSHA S. BERZON
6                                       United States Circuit Judge, sitting by designation